IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JUDY DAVIS, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:09cv415-WHA |
| | ) | |
| GROUP HOMES FOR CHILDREN, INC., | ) | (WO) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on a Rule 12(b)(6) Motion to Dismiss and, alternatively, a Rule 12(e) Motion for a More Definite Statement filed by the Defendant on June 22, 2009 (Doc. #9, 10).  This case arises out of a dispute over whether the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), entitles the Plaintiffs to overtime compensation for work performed while in the Defendant's employ.

For the reasons to be discussed, the Motion to Dismiss is due to be granted in part and denied in part.  The Motion for a More Definite Statement is due to be denied.

**II.  MOTION TO DISMISS STANDARD**

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 569.

The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

### III. FACTS

A summary of the allegations of the Plaintiffs' Complaint is as follows:

As early as September of 2007, eight individual plaintiffs began working in the employ of the Defendant, Group Homes for Children Inc. ("Defendant"). The Plaintiffs allegedly performed a wide variety of tasks for the Defendant. Such tasks included monitoring the residents' behavior, taking and picking up the residents from the Montgomery County Public School system, counseling residents, administering medications, attending field trips, and performing disciplinary supervision. The Plaintiffs additionally allege that their duties included compliance with rules and regulations of the Alabama State Department of Human Resources. Finally, the Plaintiffs allege that they occasionally "transported students to and from the doctor's offices as well as school and church functions and other weekly activities" (Doc. #8, p. 6). The Plaintiffs are all hourly paid, non-exempt employees.

Plaintiffs filed an amended complaint on June 12, 2009, alleging that the Defendant violated 29 U.S.C. § 207(a)(1) by failing to pay Plaintiffs time and one-half of their regular pay rate for the hours they worked in excess of forty per week (Doc. #8, p. 6).

### IV. DISCUSSION

The Defendant has moved the court to dismiss the Plaintiffs' Complaint under Rule 12(b)(6), arguing primarily that the Defendant is not subject to the FLSA because it is not an

2

"enterprise" as that term is defined in 29 U.S.C. § 203(r).  In the alternative, the Defendant has moved to dismiss the portions of the Complaint pertaining to injunctive relief and prejudgment interest.  In the third alternative, the Defendant has moved the court for a more definite statement as to certain portions of the Complaint pursuant to Rule 12(e).  Both parties have invited the court to consider exhibits that were neither attached to the Complaint nor referenced in the Complaint.

A.   Matter Outside the Pleadings

The court must first address the threshold issue of whether it is permissible to consider the exhibits submitted by both the Plaintiffs and the Defendant when deciding this Rule 12(b)(6) motion to dismiss.  The Defendant submitted a certified copy of the Defendant's articles of incorporation, and the Plaintiffs submitted documents pulled from various websites.  For the reasons discussed below, the court cannot consider any of these documents on a Rule 12(b)(6) motion to dismiss.

As a general rule, the district court must "limit[ ] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss.  *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation marks and citation omitted).  If the parties present evidence outside of the pleadings, and the district court considers that evidence, then the motion to dismiss is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56.  *See* Fed. R. Civ. P. 12(d); *Finn v. Gunter*, 722 F.2d 711, 713 (11th Cir. 1984) (citations omitted).  The Eleventh Circuit has clearly established that "whenever a district judge converts a 12(b)(6) motion to dismiss into one for summary judgment by

considering matters outside the pleadings the judge must give all parties ten-days notice that he is so converting the motion." *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (citations omitted); *see also* Fed. R. Civ. P. 56(c).

The Eleventh Circuit has recognized, however, an exception to this rule and allowed authentic documents to be considered on a motion to dismiss if they are referenced in the plaintiff's complaint, central to the plaintiff's claim, and submitted for the limited purpose of showing what statements the documents contain rather than the truth of matters asserted in the documents. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 & n.10 (11th Cir. 1999) (holding that it is permissible for courts to take judicial notice of SEC filings at the 12(b)(6) stage in securities fraud cases "for the purpose of determining what statements the documents contain."). The justification for a defendant's ability to introduce "central" documents at the motion to dismiss stage is that "if the document was indeed so central to the claim that it served as a basis for the complaint, then plaintiffs must have already been aware of it, and thus do not need the protection of the 10-day notice period." *Id.* at 1281 n.16.

In this case, the exhibits submitted by both the Defendant and the Plaintiffs do not fall within the exception for documents central to the plaintiff's claim because the documents were not "central" to the complaint. First, the Plaintiffs did not reference or rely on the articles of incorporation or the various websites in the Complaint. *See Adamson v. Poorter*, No. 06-15941, 2007 WL 2900576, *3 (11th Cir. October 4, 2007) ("A document is not "central" merely because it is directly responsive to a factual allegation."). Second, both parties are attempting to use the centrality exception for the purpose of establishing the truth of matters asserted in the documents. The centrality exception, as explained in *Bryant*, does not extend so far. *See Bryant*, 187 F.3d at

4

1278 n.10 ("[W]e have no occasion to address whether or not SEC documents might be judicially noticed in some other case where the truth of those documents was at issue."). Thus, the court can only consider the pleadings when ruling on the Defendant's Rule 12(b)(6) motion.

B.      Rule 12(b)(6) motion to dismiss the entire complaint

The FLSA provides that no employer shall employ an employee for a workweek longer than 40 hours unless the employee receives compensation for the excess hours. 29 U.S.C. § 207 (a)(1). The Plaintiffs assert that because they were not paid one and one-half times their regular rate for their work hours exceeding forty per week, they are entitled to damages pursuant to 29 U.S.C. § 216(b). The Defendant has moved to dismiss the entire complaint on three primary grounds: (1) the Defendant is not an "enterprise" as that term is defined in 29 U.S.C. § 203(r), and thus the FLSA does not apply to the Defendant's conduct; (2) the Defendant, as a private non-profit entity, is not subject to the requirements of the FLSA; and (3) the Complaint fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a)(2) as interpreted by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009).[1] All three grounds are without merit, and Defendant's Motion to Dismiss the entire Complaint is due to be denied.

  1. "Enterprise" Coverage under the FLSA

The FLSA defines an "enterprise" as "the related activities performed (either through

---

[1] The Defendant also moved to dismiss Plaintiffs' assertion of "willfulness" as well as Plaintiffs' assertion of entitlement to maintain an "opt-in" collective action (Doc #9, p. 2). The Plaintiffs, however, withdrew both allegations in their Response to Defendant's Motion to Dismiss (Doc. # 14, p. 6-7). Accordingly, the court will strike both claims from the Complaint.

unified operation or common control) by any person or persons for a common business purpose . . . ." 29 U.S.C. § 203(r)(1).  The FLSA further provides, in pertinent part, that activities are performed for a "business purpose" when such activities are performed by any persons:

> (A) in connection with the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is operated for profit or not for profit), or . . . .
> (C) in connection with the activities of a public agency. . . .

29 U.S.C. § 203(r)(2)(A), (C).  The Defendant argues that the Complaint should be dismissed because neither of the above definitions apply to the Defendant's alleged activities.[2]  At this stage in the litigation, the court cannot agree that the Complaint should be dismissed on those bases.

To determine whether a business is an "enterprise" under the FLSA, courts have examined the specific features of the facility at issue.  For example, in *Kitchings v. The Florida United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282 (M.D. Fla. 2005), a defendant who ran a non-profit children's home moved for summary judgment in an FLSA action on the ground that the home was not an "enterprise" because it was not an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective. *Id.* at 1296-97.  Finding the home failed to meet the definition of enterprise under the FLSA, the court granted the defendant's summary judgment motion after engaging in a thorough analysis of the

---

[2] The Defendant also appears to argue that the Complaint should be dismissed because the Defendant is not "engaged in commerce or in the production of goods for commerce" as that phrase is defined in 29 U.S.C. § 203(s).  The analysis of sections 203(s)(1)(B)-(C) and sections 203(r)(2)(A), (C) is substantially the same, however, because the same statutory definitions are implicated.  Thus, the court's analysis of sections 203(r)(2)(A), (C) applies to the Defendant's argument based on sections 203(s)(1)(B)-(C).

characteristics of the home. *Id.* at 1296-97. Notably, the court had detailed evidence before it related to the funding of the home and the physical condition of the residents in the home. *Id.* at 1288-90.

Similarly, in *Marshall v. Sunshine and Leisure, Inc.*, 496 F. Supp. 354 (M.D. Fla.1980), the court denied the defendant's motion for summary judgment and held that, as a matter of law, the defendant facility met the definition of an "enterprise" under the FLSA. *Id.* at 356-58. Most important, the court carefully sifted through various facts, such as the kind of residents admitted at the facility and the personal services performed by the employees at the facility, in order to determine whether the facility was an "enterprise" under the FLSA. *Id.*

In short, whether a defendant has enterprise status under the FLSA requires a thorough factual analysis of the characteristics of the business entity. In the context of a group home for children, this inquiry will include the requirements for admission of the children, the extent of psychological services provided to the children, and the funding sources of the entity. This factual analysis is more appropriately conducted on a Rule 56 motion for summary judgment rather than a Rule 12(b)(6) motion to dismiss.[3]

Here, the Plaintiffs' Complaint, while sparse, is enough to survive the Defendant's Rule 12(b)(6) motion. First, the Complaint includes a list of the Plaintiffs' names, a list of the Plaintiffs' job titles, the date on which work commenced for each employee, and the Plaintiffs'

---

[3] The factually intensive inquiry necessary to determine whether a business entity has enterprise coverage under the FLSA is similar to the inquiry required to determine whether an FLSA exemption applies to a particular business entity. *See Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1296 (M.D. Ala. 2000) (holding that "the question of [an FLSA] exemption turns on the application of law to facts and, thus, is not an appropriate subject to be raised on a Motion to Dismiss.").

general duties (Doc. #8, p. 4-6).  The Complaint, moreover, specifically alleges that the Plaintiffs "transported students to and from the doctor's offices as well as school and church functions and other weekly activities" (Doc #8, p. 6).  In essence, the Plaintiffs have alleged a relationship between the Defendant, medical treatment, and schooling.  This allegation coupled with the general description of the Plaintiffs' duties is sufficient to plead an activity covered by 29 U.S.C. § 203(r)(2)(A).

Second, the Complaint states that the Plaintiffs, as part of their job duties, must comply with the rules and regulations of the Alabama State Department of Human Resources (Doc. # 8, p. 5).  This allegation coupled with the general description of the Plaintiffs' duties is sufficient to plead an activity "in connection with the activities of a public agency" under 29 U.S.C. § 203(r)(2)(C).  Therefore, the Defendant's motion to dismiss the Complaint on the ground that the Defendant is not an "enterprise" under the FLSA is due to be denied.

2.  Non-Profit Status

The Defendant argues that the FLSA is inapplicable to non-profit entities, and thus the Defendant, as a non-profit entity, is not subject to the FLSA.  At this stage in the litigation, the court disagrees that the Complaint should be dismissed on this basis.

First, the non-profit status of a defendant is immaterial if a defendant meets the requirements of 29 U.S.C. § 203(r)(2)(A).  If the Plaintiffs performed activities in connection with the operation of a hospital, mental health institution, or school, then the non-profit status of the Defendant is irrelevant.  *See* 29 U.S.C. § 203(r)(2)(A) (stating that FLSA covers certain entities regardless of whether or not such hospital, institution, or school is operated for profit or not for profit).  While the facts are far from clear as to whether the Defendant's activities are

performed in connection with one of the statutorily-described hospitals, institutions, or schools, the Plaintiffs have alleged facts that plausibly show enterprise coverage under the FLSA.

Second, the non-profit status of a defendant is irrelevant if the defendant performs activities "in connection with the activities of a public agency" pursuant to 29 U.S.C. § 203(r)(2)(C). As discussed above, the Complaint has alleged a connection between the Defendant and the Alabama State Department of Human Resources sufficient at this stage to state a claim under this section.

Third, even if the Complaint fails to adequately plead the two grounds above, the determination of whether a non-profit entity is covered by the FLSA generally is not appropriate at the Rule 12(b)(6) stage. The United States Supreme Court established that, unless an entity engages in commercial activities in competition with private entrepreneurs or qualifies as one of the organizations listed in 29 U.S.C. § 203(r)(2), a non-profit charitable organization is not an "enterprise" under § 203(r), because it is not conducted for a "business purpose." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295-97 (1985). Thus, "the test is one of economic reality with the focus being whether or not the enterprise is primarily engaged in competition in the public with ordinary commercial enterprises." *Murray v. R.E.A.C.H. of Jackson County Inc.*, 908 F. Supp. 337, 339 (W.D.N.C. 1995). This test, much like the analysis of enterprise coverage itself, requires a factually-driven analysis of whether the entity is engaged in competition. This analysis is more appropriately conducted on a Rule 56 motion for summary judgment rather than a Rule 12(b)(6) motion to dismiss.[4]

---

[4] Notably, none of the cases cited by the Defendant as authority for the granting of its motion to dismiss were decided at the motion-to-dismiss stage. *See Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1284 (M.D. Fla. 2005) (summary

3. The *Twombly* and *Iqbal* decisions

The Defendant argues that the United States Supreme Court's two recent cases interpreting Rule 8 mandate dismissal of the Complaint. The court disagrees. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established that Rule 8(a)(2) requires a pleader to plead sufficient factual matter, taken as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Most recently, in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), the Court explained that "[t]wo working principles" underlie the *Twombly* decision." *Id* at 1949. First, the tenet that a court must accept a complaint's allegations as true is inapplicable to "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* Second, determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In this case, the court recognizes that it is not required to accept as true the threadbare assertion that "Group Homes is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s)" (Doc. #8, p. 4). This assertion is simply a legal conclusion. This legal conclusion is, however, supported by other facts, such as the description of the Plaintiffs' general job duties. This is enough factual matter to "nudge[] [the Plaintiffs'] claims" of FLSA violations "across the line from conceivable to plausible."

---

judgment); *Briggs v. Chesapeake Volunteers in Youth Servs., Inc.*, 68 F. Supp. 2d 711, 713 (E.D. Va. 1999) (summary judgment); *Joles v. Johnson County Youth Servs. Bureau, Inc.*, 885 F. Supp. 1169, 1172 (S.D. Ind. 1995) (trial); *Wagner v. Salvation Army*, 660 F. Supp. 466, 466-67 (E.D. Tenn. 1986) (summary judgment).

*Twombly,* 550 U.S. at 570.


C.	The Rule 12(b)(6) Motion to Dismiss portions of the Complaint

   1.  Injunctive Relief

The Defendant moves this court to dismiss portions of the Complaint that seek injunctive relief.  The Plaintiffs, in their Response to Defendant's Motion to Dismiss, appear to have withdrawn any claim for injunctive relief that might have existed in the Complaint ( Doc. #14, p.7 )("Plaintiffs' complaint clearly states that plaintiffs are seeking solely liquidated damages."). Assuming, however, that the Plaintiffs have not so withdrawn their demand for injunctive relief, the Plaintiffs are  not entitled to injunctive relief under the FLSA.  The Eleventh Circuit has held that the plain language of the FLSA provides that the Secretary of Labor has the exclusive right to bring an action for injunctive relief.  *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir.1998). Thus, the Defendant's motion to dismiss the portion of the complaint that demands injunctive relief under the FLSA is due to be granted.

   2.  Liquidated Damages and Prejudgment Interest

The Defendant moves this court to dismiss portions of the Complaint that seek both liquidated damages and prejudgment interest**.**  The Defendant argues that Plaintiffs can recover either liquidated damages or prejudgment interest, but they cannot recover both under the FLSA. The court agrees.  Under the FLSA, plaintiffs may not recover both liquidated damages and prejudgment interest.  *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)(citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715 (1945)).  Thus, the court construes the Complaint as seeking these remedies in the alternative.

D.      Motion for a More Definite Statement

The Defendant has moved this court for a more definite statement under Rule 12(e) contending that the Complaint is deficient because it fails to specify "the number of hours or the character of work" that forms the basis of the Plaintiff's FLSA claim (Doc #10, p. 18-19).  The court does not agree.

A motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer.  *See Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. Coll.*, 77 F.3d 364, 266-67 (11th Cir. 1996).  In this case, it cannot be said that the complaint is so vague or uncertain as to preclude the filing of a responsive pleading thereto.  Considering Defendant has control over the employment records itself, it can easily access those documents, and during discovery, through interrogatories to and depositions of the Plaintiffs, better establish the number of hours and the character of the work that forms the basis of Plaintiffs' claims.  Accordingly, the Defendant's motion for a more definite statement is due to be denied.

## V. <u>CONCLUSION</u>

The disputed issues as to coverage under the FLSA may well be determined at the summary judgment stage, but the Amended Complaint is sufficient to withstand the Motion to Dismiss, except as noted.   For the reasons discussed it is hereby ORDERED as follows:

1. The assertion of "willfullness" (¶¶ 26, 30, 31) and an "opt-in" collective action (¶ 1), withdrawn by the Plaintiffs in their response to the Defendant's Motion to Dismiss, are STRICKEN from the Amended Complaint (Doc. #8).

2.  The Motion to Dismiss is GRANTED as to the claim for injunctive relief.

    3.  The Motion to Dismiss is DENIED as to the remaining claims.

    4.  The Motion for a More Definite Statement is DENIED.

    5.  The court construes the Plaintiffs' claims for liquidated damages and interest to be alternative claims.

Done this 8th day of September, 2009.

                            /s/ W. Harold Albritton
                            W. HAROLD ALBRITTON
                            SENIOR UNITED STATES DISTRICT JUDGE